IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KAZEEM ISHOLA, #A73534825            :

    Plaintiff                                        :

    v.                                                    :        Civil Action No. PJM-06-1266

ALBERTO GONZALES                          :

    Respondent                                    :

. . . . . .o0o. . . . . .

**MEMORANDUM OPINION**

Pending is a pro se Petition for Writ of Habeas Corpus seeking a stay of removal filed by Kazeem Ishola, a federal detainee at the Worcester County Jail. Alberto R. Gonzales, the Attorney General of the United States, has filed a Response in opposition to which Petitioner has filed a reply. Upon review of the pleadings and exhibits, the Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md.). For the reasons that follow, the request to stay removal will be denied.

**I. Procedural Background**

Petitioner is an alien who is subject to an administratively final order of removal based on his federal and state criminal convictions for conspiracy to commit identity fraud, attempted theft and identity theft. He is a native and citizen of Nigeria who adjusted his immigration status to lawful permanent resident on February 13, 2001.

On January 13 2004, Petitioner pleaded guilty to conspiracy to commit identification fraud in violation of 18 U.S.C. §1028(a)(7) in the United States District Court for the Middle District of Pennsylvania. *See United States v. Ishola*, Criminal Action No. 03-0102 (M. D. Pa ). He was sentenced to ten months imprisonment. *See id.*

On January 11, 2005, Plaintiff pleaded guilty to attempted theft and identity theft in

violation of §§ 7-104 and 8-301 of the Criminal Law Article of the Annotated Code of Maryland in the Circuit Court of Maryland for Prince George's County.  The state court sentenced him to five years incarceration.[1]  Pet. Ex. B at 4.

On March 24, 2006, Petitioner was served with a Notice to Appear charging him as deportable.  The Notice to Appear charged Petitioner under: 1) § 237(a)(7)(A)(iii) of the Immigration and Nationality Act (INA), 8 U.S.C. §1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony as defined in section 101(a)(43)(G) of the INA, 8 U.S.C. §1101(a)(43)(G) (theft offense for which the term of imprisonment imposed is at least one year); 2)  § 237(a)(2)(A)(i) of the INA,
8 U.S.C. §1227(a)(2)(A)(i), as an  alien convicted of a crime involving moral turpitude; and 3) §237(a)(2)(A)(ii) of the INA, 8 U.S.C. §1227(a)(2)(A)(ii) as an alien convicted of crimes involving moral turpitude not arising out of a single scheme.  Resp. Ex. C.

On June 26, 2006, Petitioner appeared before an Immigration Judge and admitted the allegations and charges contained in the notice to appear.  At the conclusion of the hearing, the Immigration Judge ordered Petitioner removed to Nigeria.  Resp. Ex. D.  Petitioner did not appeal to the Board of Immigration Appeals (BIA).

**II. Analysis**

**A. Standard of Review**

The standard of review to enjoin execution of a removal order is more stringent than that typically applicable to litigants requesting preliminary injunctive relief in civil actions. Section

---

[1] In seeking relief here, Petitioner also requested vacatur of his 2005 criminal convictions in Prince George's County.  On May 31, 2006, this Court dismissed the request without prejudice.

242(f)(2) of the INA, codified at 8 U.S.C. § 1252(f)(2), provides:

> Notwithstanding any other provision of law, no court shall enjoin the removal of any alien pursuant to a final order under this section unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law.

The United States Supreme Court has ruled that the "exacting standard" of §1252(f)(2) requires that an alien show more than a likelihood of success on the merits." *Kenyeres v. Ashcroft*, 538 U.S. 1301, 1303 (2003) "The 'intermediate standard of clear and convincing evidence' lies 'between a preponderance of the evidence and proof beyond a reasonable doubt.'" *Id*. (*citing Addington v. Texas,* 441 U.S. 418, 425 (1979)).

As Respondent notes, there is a split in authority as to whether the stricter standard applies to motions for temporary stays of removal sought in conjunction with a petition seeking judicial review of a removal order in a Court of Appeals.  *See e.g. Kenyeres* 538 U.S. at 1303-04; *Testamichaeal v. Gonzales,* 411 F. 3d 169, 171-173 (5th Cir. 2005); *Weng v. U.S. Attorney General*, 287 F.3d 1335, 1337 (11th Cir 2002). In the Fourth Circuit, there is dictum suggesting that the appellate court would apply the more demanding standard provided in §1252(f)(2) to requests for "stays" of removal during the pendency of immigration petitions for review.  *See Ngarurih v. Ashcroft*, 371 F.3d 182, 195  n.13 (4th Cir. 2004).

The situation presented here is readily distinguished from a motion for a temporary stay to request judicial review in a Court of Appeals.  Petitioner does not seek  a stay of removal pending Fourth Circuit review.  He is requesting an injunction against his removal apparently to allow him to collaterally attack one of his criminal convictions. Petitioner waived his right to judicial review when he failed to appeal the Immigration Judge's removal order to the BIA.  *See* § 242(d)(1) of the INA; 8 U.S.C. § 1252(d)(1) (judicial review of a final order of removal is available only if the alien

3

has exhausted all administrative remedies available as of right).[2]  Further, after considering Petitioner's claims, it is clear that neither standard has been met.  Petitioner fails to establish a likelihood of success on the merits, much less satisfy the "exacting standard" prescribed under 8 U.S.C. § 1252(f)(2).

**B.  Petitioner's Claims**

    1.  Double Jeopardy

Petitioner contends that his convictions in the Circuit Court for Prince George's County amount to double jeopardy because he was convicted of the same offense in the United States District Court for the Middle District of Pennsylvania.  Petition at ¶ 4.[3]  Mindful that Petitioner is proceeding in this matter pro se, the Court has accorded his petition liberal interpretation.  *See Haines v. Kerner* 404 U.S. 519, 520 (1972).  His argument, however, lacks legal or factual merit.

Petitioner's federal and state convictions relate to different criminal actions, committed at different times.  The federal conviction in the Middle District of Pennsylvania was for offenses committed from March through April 26, 2003.  Petition, Ex. A.  The state convictions in Prince George's County involved crimes committed on January 16, 2003.  Resp. Ex. B.  Under the "dual

---

    [2] Federal district courts no longer have habeas jurisdiction to review deportation and removal orders. Real ID Act of 2005, Pub. L. No. 109-13, Div. B, § 106 (a), (c), 119 Stat. 231 (2005).

    [3] The Petition also states that Howard County, Maryland is bringing charges with the same offense in violation of the Constitutional proscription against double jeopardy.  Petition at ¶ 4.  The allegation and charge of removal in the Notice to Appear based on the Howard County offense were withdrawn by the United States because at the time of the hearing before the Immigration Judge, it appeared that the Howard County conviction was on direct appeal. Response at 3 n. 2.

sovereignty" doctrine, federal and state crimes are not considered the same offense, and a defendant may be prosecuted in both federal and state courts for the same criminal conduct. *See United States v. Alvarado*, 440 F. 3d 191, 196-97 (4th Cir. 2006) (stating "...the Supreme Court has continually held that federal and state crimes are not the same offense, no matter how identical the conduct they proscribe.").

    2. Breach of Plea Agreement

Petitioner admitted his Prince George's County convictions before the Immigration Judge, and did not appeal the removal order to the BIA. He now claims that his prosecution in Prince George's County violated his federal plea agreement. The text of the plea agreement, however, directly refutes this claim.

The federal plea agreement states that the *United States Attorney's Office for the Middle District of Pennsylvania* (emphasis added) agrees not to institute other criminal actions against Petitioner arising from the charged offense. Pet. Ex. A at ¶ 8. The plea agreement further provides that "[n]othing in this agreement shall bind any other federal, state or local law enforcement agency." *Id.* at ¶ 29. The plea agreement, by its own terms, was binding only on the parties to the agreement. *See id.* at ¶ 32. Consequently, Plaintiff allegations fail to demonstrate the plea was breached. There is neither factual nor legal support for Petitioner's claim.

## III. Conclusion

In light of the above, the Court is unable to conclude that Petitioner has demonstrated that he is likely to prevail on the merits of his claim or satisfy the stringent standard of review set forth at 8 U.S.C. § 1252(f)(2). Accordingly, the request for injunctive relief will be denied by separate Order.

Date: 8/21/06

                                                        /s/
                                       PETER J. MESSITTE
                             UNITED STATES DISTRICT JUDGE